■ CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Respondent, v THERESA BONI, Appellant, and ISABEL QUINONES, Also Known as ISABEL Q. BONI, Respondent.—Order, Supreme Court, New York County, entered December 10, 1974 unanimously modified, on the law, to grant defendant-appellant Theresa Boni's motion for summary judgment directing payment to her of the proceeds of the insurance policy, and as so modified the order is affirmed, without costs or disbursements. We agree that the action was properly brought in interpleader, plaintiff having been presented with adverse claims to the same fund, which claims were not "patently without substance" (Boden v Arnstein, 293 NY 99, 103; 2 Weinstein-Korn-Miller, par 1006.03). The contention that the appellant's motion for summary judgment may not be granted at this stage of the proceeding on the ground that issue has not been joined (CPLR 3212, subd [a]), is without merit. It appears that Special Term properly treated the appellant's papers as constituting an answer and accordingly, we may, as did Special Term, consider the merits of the application. From this record we conclude that summary judgment should have been granted. The insurance company's records established that Theresa Boni was the designated beneficiary of the decedent's policy. While decedent apparently executed a "request for change of beneficiary" in favor of defendant Isabel Quinones, it does not appear that such form was ever delivered to the insurer. Accordingly, there was a failure to comply with the provision in the policy which provides that a change of beneficiary becomes "effective only upon receipt of the completed form at the Home Office of the Company." Although as recognized by Special Term, exact compliance with such clause will be excused "where the attempt at such compliance has been substantial and its full success prevented by some cause not within the control of the person attempting to make the change" (Schoenholz v New York Life Ins. Co., 234 NY 24, 30, mot for rearg den 234 NY 605; see 31 NY Jur., Insurance, § 1479), the record herein is insufficient to raise any triable issue concerning decedent's attempted substantial compliance. We note that the request for change in beneficiary was executed in 1963; that the insured died in 1974; that the form was incomplete on its face and indeed, was not witnessed. It therefore does not appear that the decedent did all within his power to effectuate the change of beneficiary. (See Oleon v Teachers Ins. & Annuity Assn. & Coll. Retirement Equities Fund, NYLJ, April 16, 1975, p 17, col 6.) Moreover, the allegation that there was an attempt to deliver the form to the insurer by giving it to the shop steward was not factually supported. Aside from the fact that the steward submitted an affidavit denying that the form had been delivered to him, or indeed, that his duties encompassed such matters, the allegation concerning the claimed delivery was set forth in an attorney's affidavit. The attorney, however, had no personal knowledge of the facts and accordingly, the affidavit was of no probative value and was insufficient to defeat summary judgment. (Di Sabato v Soffes, 9 AD2d 297.) Settle order on notice. Concur—Stevens, P. J., Kupferman, Lupiano, Tilzer and Capozzoli, JJ.