■ JEANNETTE LOPEZ, Appellant-Respondent, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant, and ANA LOPEZ, Also Known as ANN LOPEZ, Interpleaded Defendant-Respondent-Appellant. (Action No. 1.) JEANNETTE LOPEZ, Appellant-Respondent, v METROPOLITAN LIFE INSURANCE COMPANY, Defendant, and ANA LOPEZ, Also Known as ANN LOPEZ, Interpleaded Defendant-Respondent-Appellant. (Action No. 2.) —In consolidated actions to recover the proceeds of three life insurance policies, (1) the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered September 5, 1989, which denied her motion for summary judgment to recover the proceeds of a life insurance policy issued by the defendant Massachusetts Mutual Life Insurance Company and granted that branch of the interpleaded defendant's cross motion for summary judgment which was to

recover the proceeds of that policy, and (2) the interpleaded defendant cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as failed to render a determination on that branch of her cross motion for summary judgment which was to recover the proceeds of a life insurance policy issued by Metropolitan Life Insurance Company.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal from so much of the order as failed to render a determination on that branch of the interpleaded defendant's cross motion for summary judgment which was to recover the proceeds of a life insurance policy issued by Metropolitan Life Insurance Company is dismissed, as that branch of the cross motion remains pending and undecided (see, Katz v Katz, 68 AD2d 536); and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The plaintiff's deceased husband was insured under a life insurance policy, issued by the defendant Massachusetts Mutual Life Insurance Company, which contained the following provision: "Changing the Owner or Beneficiary The Owner or any Beneficiary may be changed during the Insured's lifetime. We do not limit the number of changes that may be made. To make a change, a written request, satisfactory to us, must be received at our Home Office. The change will take effect as of the date the request is signed, even if the Insured dies before we receive it".

The Supreme Court properly concluded that the defendant insurer, as a stakeholder which had paid the policy proceeds into court, waived compliance with the requirement that a written request to change beneficiaries be "satisfactory" to it (see, Cook v Aetna Life Ins. Co., 166 AD2d 895; Cable v Prudential Ins. Co., 89 AD2d 636; Kane v Union Mut. Life Ins. Co., 84 AD2d 148; Considine v Considine, 255 App Div 876). Under these circumstances, the insured's handwritten letter, wherein he requested that the beneficiary of his policy be changed from his wife to his mother, constituted sufficient evidence to demonstrate that he intended to effectuate such a change. Furthermore, even in the absence of such a waiver, we would conclude that the signed letter sent to the insurer constituted substantial compliance with the policy requirements (see, Schoenholz v New York Life Ins. Co., 234 NY 24, 29-30; Connecticut Gen. Life Ins. Co. v Boni, 48 AD2d 621) so as to effect a valid change of beneficiary.

The plaintiff's remaining contention is without merit *(see, Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939).

The interpleaded defendant purportedly cross-appeals from so much of the Supreme Court's order as failed to render a determination on that branch of her cross motion for summary judgment which was to recover the proceeds of another life insurance policy issued by Metropolitan Life Insurance Company. However, the cross appeal must be dismissed, inasmuch as the order contains no provision either granting or denying that branch of the cross motion, and that branch of the cross motion therefore remains pending and undecided *(see, Gagliardo v Gagliardo,* 151 AD2d 718; *Matter of Strathmore Hills Civic Assn. v Town of Huntington,* 146 AD2d 783; *Katz v Katz, supra).* Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.