■ LUANA KORNACKI, Respondent, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff. TAMARA MUNIO, Third-Party Defendant-Appellant. [600 NYS2d 788] —Levine, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 24, 1992 in Schenectady County, which, *inter alia,* granted plaintiff's cross motion for a declaration that she was entitled to life insurance proceeds held by defendant.

In 1970 defendant issued a life insurance policy insuring the life of Donald Anderson (hereinafter the insured), then two years and seven months of age. The policy was purchased by the insured's father, who designated himself as the beneficiary and also designated himself as the policy's "rightsholder", i.e., the person having the right, *inter alia,* to change the policy's beneficiary and to assign the policy. The father further stipulated that the insured's uncle would be the rightsholder in the event of his own death before the insured's 21st birthday, and that upon attaining age 21 the insured would automatically become the policy's rightsholder.

The insured's father died in 1976, following which the insured's uncle duly changed the beneficiary under the policy to plaintiff, the insured's mother. In January 1986, defendant received a change of rights form purportedly signed by the insured's uncle changing the rightsholder under the policy from the insured's uncle to the insured. In October 1987, the insured, then 20 years and 4 months of age, filed a change of beneficiary request substituting third-party defendant, his fiancee, as the beneficiary under the policy.

The insured died March 4, 1990 as the result of injuries sustained in an automobile accident. Plaintiff and third-party defendant each filed a claim with defendant for the proceeds of the policy. When defendant declined to pay the proceeds to either claimant, plaintiff brought this action and defendant commenced an interpleader third-party action against third-party defendant. After issue was fully joined, defendant moved pursuant to CPLR 1006 (f) for authorization to pay the proceeds of the policy into court and then be discharged from liability. Plaintiff cross-moved for a declaratory judgment that she was entitled to the proceeds and submitted on the motion the affidavit of the insured's uncle that the purported January 1986 designation by him of the insured as the rightsholder under the policy was a forgery. Supreme Court granted plaintiff's cross motion for a declaration that she was entitled to the proceeds of the policy but reserved decision regarding the precise amount due her. This appeal by third-party defendant followed.

On appeal, third-party defendant's primary argument is that defendant, in assuming here the role of a mere stakeholder of the proceeds of the policy, waived the policy's requirements regarding any change in beneficiary and, therefore, the proceeds should be equitably distributed in accordance with the intent of the insured (citing *Lopez v Massachusetts Mut. Life Ins. Co.*, 170 AD2d 583; *Kane v Union Mut. Life Ins. Co.*, 84 AD2d 148). Third-party defendant further argues that the insured's October 1987 submission to defendant of a written request to substitute her as the beneficiary of the policy clearly manifested his intent that she be entitled to the proceeds at his death.

We disagree with third-party defendant's analysis. The uncontested proof submitted by plaintiff was that the purported January 1986 designation by the insured's uncle of the insured as the policy's rightsholder was a forgery. Thus, that designation was ineffective to make the insured the rightsholder before he attained the age of 21. It necessarily follows that at the time when the insured, at age 20, attempted to name third-party defendant as the policy's beneficiary, only his uncle was empowered to effect a change in beneficiary under the policy. In each of the cases relied upon by third-party defendant, the insured had the right under the policy to change the beneficiary when the steps were taken to accomplish that end, albeit without full compliance with the formal prerequisites to do so as provided in the policy. The cases relied upon by third-party defendant merely hold that the

formal procedures for a change in beneficiary are for the benefit of the insurer; thus, strict compliance with the formalities to change the beneficiary can be effectively waived by the insurer and the proceeds can be distributed in accordance with the insured's manifested intent. " 'The provisions in a policy of insurance as to the procedure for making a change of beneficiary are for the benefit of the insurer. If the insurer does not choose to require enforcement thereof, and the rights of the respective claimants alone are before the court, the intent of the insured should govern' " *(Kane v Union Mut. Life Ins. Co., supra,* at 153, quoting *Doss v Kalas,* 94 Ariz 247, 251 [citations omitted]). Obviously, however, the insurer here could not waive the authority of the insured's uncle to make any change in the beneficiary designation before the insured became 21 and, thus, the cases cited by third-party defendant are inapposite.

Concededly, the insured never took any affirmative action to change the beneficiary of the policy after he became the rightsholder upon attaining the age of 21. For this reason, any previous manifestation of his intent to change the beneficiary from plaintiff to third-party defendant was ineffective to bring about that result, as a matter of law *(see, Cook v Aetna Life Ins. Co.,* 166 AD2d 895, 896; *Hunnell v Hunnell,* 45 AD2d 521, 523, *affd on opn at App Div* 37 NY2d 931).

We have considered third-party defendant's alternative arguments for reversal and find them also unpersuasive.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.