■ KEVIN M. McMANUS et al., Respondents, v TIMOTHY GRIPPEN, as Broome County Executive, et al., Defendants, and COUNTY OF BROOME, Appellant. [663 NYS2d 722] —White, J. Appeal from an order of the Supreme Court (Coutant, J.), entered July 2, 1996 in Broome County, which, *inter alia*, partially denied defendant County of Broome's motion for summary judgment dismissing the complaint against it.

In 1994, the Broome County Legislature retained the Center for Government Research (hereinafter CGR) for the purpose of conducting an efficiency and cost-savings study of certain aspects of the County government. CGR's wide-ranging report, issued in May 1995, recommended retaining plaintiff Kevin M. McManus' position as Assistant Arena Manager, restructuring plaintiff Gregory T. Quinn's position and downgrading plaintiff William J. Ryan's position. Thereafter, the Legislature, a majority of whom are members of the Republican Party, adopted a resolution recommending to the County Executive, defendant Timothy Grippen, that these proposals be considered in his proposed 1996 budget. Grippen's proposed budget retained the McManus position and removed the positions of Quinn and Ryan, apparently downgrading these latter two positions to new budget lines. However, the budget adopted by the Legislature removed the two new downgraded positions that were to be filled by Quinn and Ryan and eliminated eight other positions, including that of McManus.

Plaintiffs, registered Democrats who are active in party affairs, then commenced this action under 42 USC § 1983 charging that defendants had violated their Federal and State constitutional rights by removing them from their positions solely because of or in retaliation for their affiliation with the Democratic Party. Following the service of their answers, defendants moved for summary judgment prompting a cross motion by plaintiffs for discovery pursuant to CPLR 3212 (f). Supreme Court dismissed the action against the defendant County Legislators on the ground of legislative immunity and against Grippen, finding the suit against him was the functional equivalent of the suit against defendant County of Broome and, as such, was redundant. It also dismissed plaintiffs' claims against the County that were founded upon State law due to their failure to file a notice of claim, but denied the County's motion with respect to the remaining causes of action on the ground it was premature. The County appeals.

It is clear that plaintiffs' political views and affiliations are

entitled to protection under the 1st Amendment (*see, Matter of Zaretsky v New York City Health & Hosps. Corp.*, 84 NY2d 140, 145). Thus, to prevail on its motion, it was incumbent upon the County to come forward with admissible evidence showing that plaintiffs' political affiliations and activities did not play a substantial part in its decision to eliminate their jobs or that their positions would have been terminated regardless of their protected activities (*see, Mt. Healthy City School Dist. Bd. of Educ. v Doyle*, 429 US 274; *Ezekwo v New York City Health & Hosps. Corp.*, 940 F2d 775, 780, 781, *cert denied* 502 US 1013). To meet this burden, the County submitted the combined affidavit of the Legislature's Chair, Majority Leader and Finance Committee Chair. They aver that the Legislature eliminated plaintiffs' positions in furtherance of an over-all plan to effectuate more than $6 million worth of budget cuts over and above those proposed by Grippen. They further point out that of the 10 positions eliminated, five were held by Democrats, four by Republicans and one by an Independent.

Prior to the 1992 election in which Grippen, a Democrat, was running for reelection as County Executive, a political advertisement listing a large number of voters advocating Grippen's reelection appeared in the local newspaper. Plaintiffs allege that shortly after Grippen's reelection, defendant Daniel A. Schofield, Finance Committee Chair, instructed County employees to review the advertisement for the purpose of identifying County employees listed therein so that the Republican members of the Legislature could target their jobs for elimination in the budget process. Schofield then presided over a work session of the Legislature's Finance Committee that produced a proposal to cut 26 middle level managerial posts from the County government, 22 of which were filled by Democrats. While this proposal was eventually withdrawn, Schofield was active in formulating the work force reduction that was included in the 1996 budget enacted by the Legislature. After Grippen submitted his 1996 proposed budget, it appears that Schofield, pursuant to a Freedom of Information Law request, obtained the Broome County Government/Position Salary Book that lists government employees by name and salary. Thereafter, he was involved in preparing the 1996 Legislative Budget eliminating plaintiffs' positions which was passed by the County Legislature.

Since we must construe these facts in the light most favorable to plaintiffs, giving them the benefit of every reasonable inference (*see, Stata v Village of Waterford*, 225 AD2d 163, 167; *Meyers v Haskins*, 140 AD2d 923, 925), we cannot find as a

matter of law on this incomplete record that plaintiffs' political activities and affiliations were not a motivating factor in the elimination of their positions or that their jobs would have been eliminated regardless of such factors (*see, Vezzetti v Pellegrini*, 22 F3d 483, 487-488; *Laidley v McClain*, 914 F2d 1386, 1392-1394). Courts have traditionally held that summary judgment is inappropriate to resolve complicated questions of motive and intent in this type of case, for without a searching inquiry, those intent on punishing the exercise of constitutional rights could easily mask their behavior behind a complex web of post hoc rationalizations (*see, Peacock v Duval*, 694 F2d 644, 646; *Kelly v New York State Executive Dept.*, 203 AD2d 836, 839). Accordingly, Supreme Court properly denied the County's motion at this stage in the action.

Although we have recently stated that municipalities do not enjoy immunity from suit under 42 USC § 1983 (*see, Matter of Kaczmarek v Conroy*, 218 AD2d 97, 101), the County urges us to adopt the contrary position espoused by the Fourth Circuit Court of Appeals in *Baker v Mayor & City Council* (894 F2d 679, *cert denied* 498 US 815). We decline to do so since the Fourth Circuit has overruled its decision in *Baker* (*see, Berkley v Common Council*, 63 F3d 295, 303, *cert denied* 516 US 1073).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.