■ In the Matter of THOMAS J. MATARRESE, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [668 NYS2d 686] —In a proceeding pursuant to General Municipal Law § 50-e, *inter alia*, for leave to serve a late notice of claim, the New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated August 21, 1996, which, among other things, granted the petitioner's motion to renew his prior application for the same relief, and, upon renewal, granted the application.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discre-

tion in granting renewal, and, upon renewal, granting the petitioner's application for leave to serve a late notice of claim (*see, Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671). The appellant did not oppose the petitioner's renewed motion on the ground of untimeliness and, under the circumstances at bar, we will not consider this issue which is raised for the first time on appeal. Prior to the expiration of the 10-year period during which the Statute of Limitations had been tolled due to the petitioner's infancy (*see*, CPLR 208), the appellant entered into a stipulation waiving, with prejudice, its first affirmative defense based upon the Statute of Limitations. By failing to raise its present claims of untimeliness before the Supreme Court in opposition to the renewed motion, the appellant deprived the petitioner of any opportunity to develop a factual record to challenge the assertion of this defense on the grounds of waiver and estoppel.

The exception to the requirement that issues must be preserved for appellate review applies only where the issue is one of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see, Libeson v Copy Realty Corp.*, 167 AD2d 376; *Block v Magee*, 146 AD2d 730). In light of the numerous factual issues concerning the extent and scope of the appellant's waiver of its Statute of Limitations defense, the critical issue at bar is not purely one of law, and thus it may not be raised for the first time on appeal (*see, Bragagnolo v EMC Mtge. Corp.*, 234 AD2d 328; *Matter of Dowsett v Dowsett*, 172 AD2d 610; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757).

Furthermore, in support of the motion to renew, the petitioner presented newly-discovered evidence that mitigates substantially against the appellant's claim of prejudice and which demonstrates the meritorious nature of the petitioner's claims of malpractice. We note that the petitioner was forced to resort to court intervention to secure copies of relevant medical records which were unavailable at the time of his earlier application. Moreover, the petitioner has now provided a reasonable excuse for his failure to serve a timely notice of claim (*cf., Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7). Accordingly, the Supreme Court providently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.