■ STATE OF NEW YORK et al., Appellants, v JAMES HILLER et al., Respondents. [672 NYS2d 535] —Spain, J. Appeal from an

order of the Supreme Court (Keegan, J.), entered April 28, 1997 in Albany County, which, *inter alia*, denied plaintiffs' motion for summary judgment.

In 1992, defendant James Hiller (hereinafter defendant) purchased an old ledger at a yard sale for $50. The ledger contains information regarding the inmates at Sing Sing Prison in Westchester County during 1852. According to defendants, the ledger was the personal property of James Jessup, who was one of 33 prison guards employed at the prison during the 1850s. The ledger was found in 1989 in a home continuously occupied by descendants of Fanny Graham, Jessup's wife. Defendant attempted to sell the ledger in 1994 by putting it up for auction with defendant William J. Jenack Estate Appraisers & Auctioneers, Inc. (hereinafter Jenack). Jenack billed the item as a historic document and tried to generate some publicity to enhance its sale. In November 1994, Thomas Mills, the Division Director of State Government Services at the State Archives and Records Administration, read about the ledger in a newspaper, contacted Jenack to inquire about the ledger and was allowed an opportunity to inspect it. Mills reported to Jenack that he thought the ledger might rightfully belong to the State because it might be a historic government document. Jenack removed the ledger from the auction and notified defendant of the State's interest; consequently, defendant took the ledger back into his possession.

Following further research, Mills concluded that the ledger was a historic government document; he also concluded that the handwriting, format and style of the book was similar to that used in other prison registers at the time. The record also reveals, however, that while the ledger did contain a log of inmates at Sing Sing Prison during the time that Jessup was employed there, it was different from any other prison records from that time period. The ledger was leather bound, instead of cloth covered like other prison record books, and at a size of four by six inches, it was smaller than any other prison record ledger held at the State archives. Jessup's name was inscribed in the front of the ledger and there were personal notations of an unofficial nature throughout, presumably made by Jessup.

Plaintiffs commenced this action under CPLR article 71 to recover the ledger and Supreme Court granted plaintiffs' request for a preliminary injunction barring the sale of the ledger pending resolution of this case. Plaintiffs thereafter moved for summary judgment to declare the State as the owner of the ledger. Supreme Court denied plaintiffs' motion finding questions of fact. Plaintiffs appeal.

We affirm. Upon our review of the record we agree with Supreme Court that a genuine issue of fact exists as to whether the Jessup ledger was an official document or one personally owned by Jessup. It is well settled that in order to obtain summary judgment the movant must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Only after the movant has established an entitlement must the opponent produce evidentiary proof in admissible form to defeat the motion (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *Stevens v Bast Hatfield*, 226 AD2d 981). Furthermore, all competent evidence must be viewed in a light most favorable to the nonmoving party (*see, McManus v Grippen*, 244 AD2d 632, 633-634; *Stata v Village of Waterford*, 225 AD2d 163, 167; *Meyers v Haskins*, 140 AD2d 923, 925).

Here, plaintiffs allege that the ledger is a public record because, *inter alia*, it contains information recorded pursuant to an 1852 statute regarding record-keeping in State prisons. Plaintiffs also point to the fact that the information in the ledger could only have been collected by a person employed at Sing Sing Prison, that there were several authors and that the columnar style of the ledger is similar to other records kept at the time. Although plaintiffs acknowledge the fact that the ledger is of a different size and binding than any others currently in the State archives, they contend that there are many other unique books from that time period. In support of their motion plaintiffs submitted, *inter alia*, the deposition and affidavit of Mills who opined that the ledger was an "official government record of the State of New York". Mills also testified that "[i]n order for [Jessup] to carry out his duties, it's my considered opinion that he made use of this volume so that he would know who was in the prison".

In opposition to the motion defendants submitted, *inter alia*, the deposition of Richard Maas, former Westchester County Historian and vice-president of the Westchester County Historical Society, who concluded that Jessup was the owner based upon the fact that his name is inscribed on the first page and because the ledger contained notations which were personal in nature. Defendants also assert that, although the ledger contains information known only to employees of Sing Sing Prison, the information does not conform completely to the requirements of the 1852 statute and, therefore, it was probably not made or used in any official capacity.

Construing the facts in the light most favorable to defendants

(*see, McManus v Grippen, supra,* at 633-634), we conclude that defendants' submissions in opposition to the motion overcome any entitlement plaintiffs may have shown (*see, Zuckerman v City of New York,* 49 NY2d 557; *Butler v Delaware Otsego Corp.,* 234 AD2d 639; *Flacke v NL Indus.,* 228 AD2d 888). Indeed, a genuine issue of fact exists as to whether that ledger is a public document.

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.