■ M.S.N.S. HOLDING CORP. et al., Appellants, v CITY OF NEW YORK, Respondent. [677 NYS2d 620] —In an action to re-

scind a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), entered September 4, 1997, which, upon an order of the same court, dated July 29, 1997, granting the defendant's motion to dismiss the complaint, is in favor of the defendant and against it.

Ordered that the judgment is reversed, with costs, the order dated July 29, 1997, is vacated, the motion is denied, and the complaint is reinstated.

The plaintiffs' assignor purchased a parcel of surplus unimproved real property from the defendant City of New York in 1985, which the plaintiffs subsequently learned had been designated as park land in 1959. The plaintiffs commenced this action in 1997 to rescind the conveyance, claiming that the land was inalienable and could not be sold without the approval of the State Legislature (*see, Brooklyn Park Commrs. v Armstrong*, 45 NY 234; *Miller v City of New York*, 15 NY2d 34; *Johnson v Town of Brookhaven*, 230 AD2d 774; *Matter of Ackerman v Steisel*, 104 AD2d 940, *affd* 66 NY2d 833). The City moved to dismiss the action, contending that the land had not been dedicated as park land but was merely mapped as such and hence was alienable. By judgment entered September 4, 1997, the Supreme Court dismissed the complaint. We reverse.

Contrary to the City's contentions, under the circumstances here, it may not raise a Statute of Limitations defense for the first time in response to this appeal (*see*, CPLR 3211 [e]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 247 AD2d 475; *Travelers Indem. Co. v LLJV Dev. Corp.*, 227 AD2d 151; *Via v Franco*, 223 AD2d 479; *Pitter v Gussini Shoes*, 206 AD2d 464). The City may not proffer its Statute of Limitations defense for the first time on appeal as a matter that may be resolved on the record and which "could not have been countered by the appellant had it been raised in the trial court" (*Sega v State of New York*, 60 NY2d 183, 190, n 2). The City moved to dismiss a prior action between these parties on, among other grounds, the Statute of Limitations, and the court denied that branch of the City's motion which had been based upon the Statute of Limitations. As such, had the City raised a Statute of Limitations defense in support of the instant motion, the plaintiffs could have defeated it on collateral estoppel grounds. Since the Statute of Limitations defense could have been "countered" (*see, Sega v State of New York, supra*, at 190, n 2), it is not properly raised for the first time on appeal.

In light of the numerous unanswered questions in this record, including the exact nature of the park land, as to which

neither side adduced any persuasive evidence (*see, Matter of Strathmore Hills Civic Assn. v Town of Huntington*, 146 AD2d 783), the City has not demonstrated its entitlement to the dismissal of the complaint. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.