■ CHRISTINA TRUSU et al., Respondents, v THORNTON-BURNS OWNERS CORP., Appellant. [706 NYS2d 462] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are the holders of unsold shares of stock allocated to unit 5-E of the defendant cooperative corporation, the defendant appeals from so much of (1) an order of the Supreme Court, Queens County (Lisa, J.), dated April 7, 1999, as granted that branch of the plaintiffs' motion which was for summary judgment, and (2) an order of the same court dated August 2, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 7, 1999, is dismissed, as that order was superseded by the order dated August 2, 1999, made upon reargument; and it is further,

Ordered that the order dated August 2, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Contrary to the appellant's contentions, the Supreme Court properly determined that the plaintiffs are holders of unsold shares of the defendant cooperative corporation (*see,* 13 NYCRR 18.3). It is uncontroverted that the plaintiffs were expressly designated by the sponsor of the defendant cooperative corporation as holders of unsold shares (*see,* 13 NYCRR 18.3 [w] [1]) and that the sponsor issued a guarantee of the plaintiffs' financial obligations (*see,* 13 NYCRR 18.3 [w] [3]). Furthermore, the plaintiff Christina Trusu registered as a broker-dealer as required by General Business Law § 359-e (*see,* 13 NYCRR 18.3 [w] [10]). This registration occurred several years after the plaintiffs acquired their shares, but before the commencement of this action. The plaintiffs' failure to register immediately upon acquiring the subject shares does not preclude them from ever satisfying that regulatory requirement (*see, Sajor v Ampol, Inc.,* 275 NY 125). Indeed, the appellant has failed to cite any authority compelling the conclusion that the plaintiffs prior noncompliance with the registration require-

ment renders their postregistration conduct void or unenforceable (see, Wowaka & Sons v Pardell, 242 AD2d 1). Finally, it is uncontroverted that the plaintiffs never occupied the subject apartment (see, 13 NYCRR 18.3 [w] [1]). Thus, they have met all of the requirements to establish their entitlement to summary judgment. In opposition, the appellant failed to submit evidence sufficient to raise a triable issue of fact.

The appellant's remaining contentions are either unpreserved for appellate review (see, Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641; M.S.N.S. Holding Corp. v City of New York, 253 AD2d 793) or without merit (see, e.g., Sheridan v Weber, 252 App Div 398). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.