■ LOUIS MILLER, Respondent, v VILLAGE OF WAPPINGERS FALLS et al., Appellants. [734 NYS2d 190] —In an action, *inter alia,* to recover damages for alleged violations of civil rights, the defendants appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated January 12, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a registered Republican active in local party matters, was appointed to the position of the zoning administrator of the Village of Wappingers Falls by the then Republican-controlled Village Board in July 1998. In April 1999, however, he was terminated from his position by the newly-elected Democratic administration. The plaintiff commenced this action, *inter alia,* alleging that he was improperly terminated from his employment because of his Republican Party membership.

The defendants, the Democratic mayor and the Village of Wappingers Falls, moved for summary judgment dismissing the complaint, contending that because the plaintiff was a probationary employee, they had the right to terminate his employment for any reason or for no reason. However, given the nature of the plaintiff's allegations, it was incumbent upon the defendants to adduce admissible evidence showing that the plaintiff's political affiliations did not play a substantial part in the decision to terminate him (*see, Baker v City of Elmira,* 271 AD2d 906, 907-908; *McManus v Grippen,* 244 AD2d 632, 633). The defendants failed to even address these claims before the Supreme Court. Thus, they did not carry their burden of proof

and their motion was properly denied. Moreover, even a probationary employee may not be fired for constitutionally impermissible reasons (*see, Matter of Negron v Jackson,* 273 AD2d 241; *Matter of Iannuzzi v Town of Brookhaven,* 258 AD2d 651).

The defendants have advanced several new arguments on appeal. They contend, *inter alia,* that the plaintiff was a policy-making employee cloaked with considerable discretion, and thus his political affiliation was a relevant consideration. However, this argument may not be considered as it improperly seeks to interject new facts and theories for the first time on appeal (*see, Matter of DelGaudio v Aetna Ins. Co.,* 262 AD2d 641; *White Rose Food v Apple Orchard Farms Corp.,* 258 AD2d 458; *M.S.N.S. Holding Corp. v City of New York,* 253 AD2d 793; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475).

The defendants' remaining preserved contentions are without merit. Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.