■ IRENE GRUNBLATT, Appellant, v FIRST UNUM LIFE INSURANCE COMPANY, Respondent, et al., Defendant. [798 NYS2d 440]—

In an action, inter alia, to recover the proceeds of a life insurance policy, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated July 6, 2004, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) and (7) to dismiss the third and fourth causes of action to recover damages for breach of contract insofar as asserted against the defendant First Unum Life Insurance Company.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff submitted a claim to the defendant First Unum Life Insurance Company (hereinafter First Unum) to recover the proceeds of a life insurance policy issued to her husband. However, the claim was submitted nearly 11 years after his death. After First Unum rejected the plaintiff's claim due to the extensive delay in submitting the claim, the plaintiff commenced this action to recover the policy proceeds.

Contrary to the plaintiff's contention, the statute of limitations on her causes of action to recover damages for breach of contract began to run upon the death of the insured husband

(see *Gallo v Savings Bank Life Ins. Fund*, 257 AD2d 600, 601 [1999]). Therefore, inasmuch as the plaintiff commenced this action alleging, inter alia, breach of contract after the applicable statute of limitations (see CPLR 213 [2]) had expired, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing, as time-barred, those causes of action insofar as asserted against First Unum (see *Gallo v Savings Bank Life Ins. Fund, supra*).

The plaintiff's remaining contentions are unpreserved for appellate review (see *Miller v Village of Wappingers Falls*, 289 AD2d 209, 210 [2001]; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641 [1999]). Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.