■ NEW YORK LIFE INSURANCE COMPANY, Appellant, v SARA LOWY, as Trustee of the Leo Lowy Irrevocable Life Insurance Trust-Single Life, et al., Defendants, and LAZER WOLF, Also Known as LEWIS WOLF, as Trustee of the Leo Lowy Irrevocable Life Insurance Trust-Single Life and Another, et al., Respondents. [836 NYS2d 78]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered March 29, 2006, which, to the extent appealed from, denied plaintiff's motion insofar as it sought a declaration as to the rightful owners and beneficiaries of a survivorship insurance policy and reimbursement for its attorneys' fees in the interpleader portion of this action, unanimously reversed, on the law, without costs, the motion granted to the extent of declaring that the original owners and beneficiaries of the survivorship policy retain their status as owners and beneficiaries, and entitling plaintiff to recover attorneys' fees, plaintiff directed to correct the survivorship policy to indicate that the original owners and beneficiaries retain their status, and the matter remanded for a hearing to determine the appropriate amount of attorneys' fees to be awarded and how the costs should be apportioned.

In May 1991, plaintiff issued Leo Lowy a life insurance policy in the face amount of $500,000 (Single Life Policy). Defendant Salamon Lowy was named the owner and beneficiary of the Single Life Policy. In October 1991, plaintiff issued Leo and his wife, defendant Sara Lowy, a life insurance policy in the amount of $1,250,000 (Survivorship Policy). Salamon and his siblings were named the owners and beneficiaries of the Survivorship

Policy. The Survivorship Policy also provided the procedure for a change of ownership in the policy, which required the written consent of all of the named owners.

Between 1993 and 1999, plaintiff received various documents, allegedly signed by Salamon, requesting changes in the ownership and in the beneficiaries of the Single Life Policy and of the Survivorship Policy from Salamon to separate trusts of which Sara and Salamon's brother-in-law, defendant Lazer Wolf, were the trustees. Plaintiff made the changes in ownership and in the beneficiaries based on these requests.

Leo Lowy died in 2004 and when Salamon applied for the proceeds of the Single Life Policy, he was informed that he was no longer the owner of the policy. Salamon also subsequently learned that the owners and beneficiaries in the Survivorship Policy had been changed. Salamon maintained that the signatures on the subject documents were not his. Despite plaintiff's efforts to broker an agreement as to how to distribute the proceeds of the Single Life Policy, Salamon and the trust that was the named owner of the Single Life Policy were unable to reach an understanding. As a result, plaintiff commenced an interpleader action in which it sought, inter alia, permission to deposit the proceeds of the Single Life Policy with the clerk of the court and to be discharged as the stakeholder of the funds. Although there are no death benefits currently payable under the Survivorship Policy inasmuch as Sara Lowy is still living, plaintiff also sought a judgment declaring that the original owners and beneficiaries of the Survivorship Policy retain their status under the policy and that it be permitted to correct its records to reflect that. Plaintiff explained that after reviewing its records, it discovered that even if Salamon's signature on the request to transfer ownership of the Survivorship Policy was authentic, ownership was improperly transferred because the consent of all of the named owners of the Survivorship Policy had not been given prior to the transfer.

The Survivorship Policy, in clear and unambiguous terms, conditions transfer of ownership upon the written consent of all of the named owners. Plaintiff acknowledges that it erred by transferring ownership of the policy based on Salamon's purported request when there were at least four other named owners of the policy whose consent was required. Moreover, because the transfer of ownership was invalid, the subsequent change in beneficiaries effected by the trust that ostensibly was the new owner of the Survivorship Policy was also invalid. Under the circumstances, the declaratory relief should have been granted and plaintiff should correct its records to restore

the original owners and beneficiaries to the Survivorship Policy (*see Kornacki v Mutual Life Ins. Co. of N.Y.*, 195 AD2d 847 [1993]).

Regarding the Single Life Policy, although the court granted plaintiff leave to deposit the proceeds of the Single Life Policy with the clerk of the court, the court erred in denying plaintiff's request for attorneys' fees and costs (CPLR 1006 [f]; *Lincoln Life & Annuity Co. of N.Y. v Caswell*, 31 AD3d 1, 8-9 [2006]). Plaintiff was a neutral stakeholder and was prompted to commence the interpleader action only after the parties failed to reach an agreement, despite plaintiff's efforts toward that end. Accordingly, the matter is remanded for a hearing to determine, based upon all of the relevant facts and circumstances, plaintiff's reasonable attorneys' fees during the interpleader portion of the action and for a determination respecting how the costs should be divided between the competing defendants (*see American Intl. Life Assur. Co. of N.Y. v Ansel*, 273 AD2d 421 [2000]; *see also Lincoln Life & Annuity Co. of N.Y. v Caswell*, *supra*). Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.