Franco v Morgan Stanley Smith Barney, LLC (2022 NY Slip Op 05024)

Franco v Morgan Stanley Smith Barney, LLC

2022 NY Slip Op 05024

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-03973
 (Index No. 616886/19)

[*1]Lori Franco, et al., appellants, 
v
Morgan Stanley Smith Barney, LLC, defendant, Estate of Vincent Buonomo, respondent.

Anthony S. Cannatella, Manhasset, NY (Edward H. Kyle III of counsel), for appellants.
Law Offices of Daniel J. Costello, P.C., Garden City, NY, for respondent Estate of Vincent Buonomo.

DECISION & ORDER
In an action, inter alia, to recover proceeds of an IRA account, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated May 13, 2020. The order denied the plaintiffs' motion, in effect, for summary judgment declaring that they are entitled to the proceeds of the IRA account and directing the defendant Morgan Stanley Smith Barney, LLC, to distribute to them the proceeds of the IRA account.
ORDERED that the order is affirmed, with costs.
On October 9, 2007, Theresa Buonomo (hereinafter Theresa) executed an IRA adoption agreement funded by the defendant Morgan Stanley Smith Barney, LLC (hereinafter Morgan Stanley), designating the plaintiffs as equal beneficiaries. The IRA adoption agreement provided that "[y]ou may change your Beneficiary designations at any time." On September 6, 2016, Theresa executed a form titled "IRA Designation of Beneficiary" designating her husband, Vincent Buonomo (hereinafter Vincent), as the sole beneficiary of the IRA funds. Theresa died the next day, September 7, 2016, at 4:30 a.m., and the "IRA Designation of Beneficiary" form was sent to Morgan Stanley the same day at 1:09 p.m. Morgan Stanley advised the plaintiffs and Vincent that, although it was "required to recognize the most recent valid beneficiary designation that it has in its possession at the time of the account owner's passing," it would wait to distribute the account until an agreement had been reached among them or the service of a court order directing how the funds be distributed.
The parties did not resolve the issue before Vincent died on August 20, 2019. Thereafter, on December 31, 2019, the plaintiffs commenced the instant action against Morgan Stanley and Vincent's estate, inter alia, to recover the subject funds. The plaintiff's moved, in effect, for summary judgment declaring that they are entitled to the subject funds and directing Morgan Stanley to release the funds to them. The plaintiffs argued, inter alia, that Morgan Stanley's policy required it to recognize the beneficiary designation in its possession at the time of Theresa's death, which was the IRA adoption agreement designating them equal beneficiaries. Morgan Stanley declined to take a position on the matter and advised that it would "distribute the assets in the Account in whatever manner the Court so orders." Vincent's estate opposed the motion. By order dated May 13, 2020, the Supreme Court denied the motion, determining that the plaintiffs failed to demonstrate, as a matter of law, their entitlement to the IRA funds. The plaintiffs appeal.
EPTL 13-3.2(e)(1) provides that "[a] designation of a beneficiary or payee to receive payment upon death of the person making the designation or another must be made in writing and signed by the person making the designation" and "made in accordance with the rules prescribed." In certain circumstances, however, "New York law does not require strict compliance with bank rules for validly designating IRA beneficiaries" (Werther v Werther, 199 AD3d 546, 547; see McCarthy v Aetna Life Ins. Co., 92 NY2d 436, 440; Lopez v Massachusetts Mut. Life Ins. Co., 170 AD2d 583, 584; Cable v Prudential Ins. Co. of Am., 89 AD2d 636, 636). Rather, even where the bank does not waive compliance with its requirements, substantial compliance with those requirements is sufficient to effect a valid change of beneficiary (see Lopez v Massachusetts Mut. Life Ins. Co., 170 AD2d at 584). Thus, "[t]o the extent the bank, as a matter of private contract, requires the beneficiary form to be tendered in advance [of the account owner's death], that requirement is not strictly enforced" (Werther v Werther, 199 AD3d at 547).
Here, the plaintiffs' evidentiary submissions revealed the existence of triable issues of fact regarding the nature of Morgan Stanley's policy and whether Theresa substantially complied with Morgan Stanley's requirements in order to effect the change in IRA beneficiaries. The IRA adoption agreement provided that beneficiary designation could be changed "at any time," which contradicts the evidence submitted by the plaintiffs that the change of beneficiary form was required to be tendered in advance of the owner's death. Moreover, by submitting evidence that Vincent sent the "IRA Designation of Beneficiary" form to Morgan Stanley hours after Theresa's death, the plaintiffs failed to demonstrate, as a matter of law, that there was not substantial compliance with the requirements for changing beneficiaries (see id. at 547-548). Accordingly, the Supreme Court properly denied the plaintiffs' motion, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court