TONGTA HUNNELL, Appellant, *v.* EDNA HUNNELL, Respondent, et al., Defendant.

Fourth Department, October 24, 1974.

*Kushner & Kushner* (*James C. Roscetti* of counsel), for appellant.

*James Edgar Hunt* for respondent.

DEL VECCHIO, J. The sole question on this appeal is whether the papers before us demonstrate the existence of triable issues of fact such that it was error to grant defendant Hunnell's motion for summary judgment dismissing the complaint.

Plaintiff, alleging that she is the widow of Larry Gene Hunnell, seeks by this action to obtain the proceeds of insurance

policies issued on the life of her husband by Prudential Insurance Company. The unverified complaint, naming the insurer and the deceased's mother, Edna Hunnell, as codefendants, alleges upon information and belief that before his death her husband had changed the named beneficiary on his insurance policies so as to make plaintiff the beneficiary, that but for his untimely and sudden death as the result of an automobile accident he would have ensured that all policies were changed and all formalities met to have her named as beneficiary and that defendants knew of the insured's intentions before he died as to the changing of beneficiaries in favor of plaintiff; it demands judgment enjoining payment of the insurance proceeds by the insurer to anyone other than plaintiff, impressing a trust on the insurer in favor of plaintiff for the amount of the proceeds and impressing a trust on defendant Hunnell in favor of plaintiff for any of the proceeds which the insurer might give to her.

The individual defendant served an answer denying the allegations as to change of beneficiary and the insurer served an answer which also denied those allegations and alleged as an affirmative defense that the policies issued by Prudential on the life of Larry G. Hunnell designated as beneficiary the insured's father and mother, or survivor, that the policies bore no indorsement of change of beneficiary designation and that no change of beneficiary had been received by the insurer. Upon stipulation by the parties the insurer was discharged from liability by payment of the insurance proceeds to the attorneys for the other parties, to be disposed of pursuant to further order or judgment of the court.

Defendant Hunnel, the surviving parent of the insured, moved for summary judgment upon the ground that the cause of action had no merit, supported by her affidavit stating that at no time did the insured express any desire or intention to change the beneficiaries on his insurance policies, that it would have been simple for him to have made a change since the office where he worked was next door to the insurer's office and that she had filed a claim with the insurer on the policies and got a receipt for the policies.

In opposition to the motion, plaintiff submitted her own affidavit containing statements, *all of which were upon information and belief* " as a result of said statements being made to her by the deceased, Larry Gene Hunnell "; that at the time of his death the insured had changed the named beneficiaries, that but for his death he would have ensured that all policies were changed and all formalities met to have her named as beneficiary,

that he notified his mother that, should he die before the insurance company changed the named beneficiaries on their records, she should turn over the proceeds of the policies to his wife. The affidavit further states " that those who have knowledge to support your Deponent's allegations are the deceased and the Defendants in this action ".

Assuming that the complaint pleads both a claim based on an accomplished change of beneficiary and a claim for a constructive trust in the absence of a change of beneficiary, we think Special Term properly granted summary judgment in favor of defendant Hunnell.

By the answer of the insurer, affirmed by one of its attorneys, defendant made a prima facie showing that there had been no change of beneficiaries designated on the insurance policies and that there had been no change communicated to the insurer.

By her own affidavit defendant made an evidentiary showing that the insured at no time had ever expressed to her any desire or intention to change beneficiaries — which would of course have been a prerequisite to the creation of a constructive trust with respect to the mother.

In the face of this showing of lack of merit to plaintiff's action, either as a claim based on a change of beneficiaries or as one based on a constructive trust, it was mandatory upon plaintiff to submit evidentiary facts or materials, by affidavit or otherwise, rebutting the prima facie showing and demonstrating the existence of a triable issue of ultimate fact (*Indig* v. *Finkelstein*, 23 N Y 2d 728; *Washington* v. *Pottinger*, 17 A D 2d 836). Plaintiff failed entirely to meet this obligation.

Although it is possible to effect a change of beneficiaries without strict compliance with policy provisions (*Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24, mot. for rearg. den. 234 N. Y. 605; *Levy* v. *New York Life Ins. Co.*, 238 App Div. 711, affd. 266 N. Y. 570), some affirmative act on the part of the insured to accomplish the change is required; mere intent to make a change is not sufficient (*Schoenholz* v. *New York Life Ins. Co.*, *supra*; *Aetna Life Ins. Co.* v. *Sterling*, 15 A D 2d 334, affd. 11 N Y 2d 959). By her opposing affidavit plaintiff offered no evidence of any such act; at best her repetition of statements purportedly made to her by the insured demonstrated only what may have been his state of mind — merely an intention, without evidence of its attempted effectuation.

Nor did plaintiff make any evidentiary showing of facts from which a constructive trust might be found. In opposition to defendant Hunnell's sworn denial of any expression to her by

the insured of a desire or intention to change beneficiaries, plaintiff offered only her own statement as to what her husband told her he had done. Testimony by her to this effect would serve only to establish the statements made by him to her; it would not be evidence that he had in fact had the conversation related by him with his mother. Furthermore, it is apparent from plaintiff's own affidavit that no evidence will be available to her of a conversation between the insured and his mother upon which might conceivably be predicated an implied promise by the mother to hold the insurance proceeds for the plaintiff (*Sinclair* v. *Purdy*, 235 N. Y. 245, 254), which would be necessary to the creation of a constructive trust (*Fischer* v. *Wirth*, 38 A D 2d 611; *Towner* v. *Berg*, 5 A D 2d 481, 484). The mere existence of the relationship of mother and son, without more, is not sufficient to condemn the mother's retention of the proceeds of the policies naming her as beneficiary (*Towner* v. *Berg, supra,* pp. 484–485). There is nothing in the record to support a finding that the mother expressly or impliedly promised to hold the proceeds for the benefit of plaintiff. Of those named by plaintiff as having "knowledge to support" her allegations, the deceased is unavailable by reason of his death, the defendant Hunnell has sworn that the insured never expressed any desire or intention to change beneficiaries and the defendant insurer would not be expected to be, and is not asserted to have been, present at any conversation between the son and mother. Our conclusion is that no competent evidence to rebut defendant's showing is available from these sources. Accordingly, the order should be affirmed.

MARSH, P. J. (dissenting). On the facts of this case Special Term was correct in determining that defendant Edna Hunnell, mother of the insured, remained the legal beneficiary under the policies, no change having been effected by insured prior to his death.

Such finding does not necessarily negate a conclusion, however, that the court could impress a trust on the proceeds of the policies in her hands and hold her accountable to the plaintiff for those proceeds as a constructive trustee.

If, as plaintiff contends, the insured communicated to his mother his desire to make his new wife the beneficiary of the policies and a promise was given by her, either express or implied, to hold any proceeds for the benefit of the wife, it cannot be said as a matter of law that the facts do not warrant the equitable application of a constructive trust. A constructive trust may be found when a party, because of a confidential rela-

tionship, relies on the promise of another which promise is later breached and results in unjust enrichment to the other (*Fischer v. Wirth*, 38 A D 2d 611; *Towner v. Berg*, 5 A D 2d 481). While it is necessary to find the existence of a promise to support a constructive trust, especially in a situation as this where plaintiff seeks to acquire legal title which she never possessed, not merely to regain title, the promise may be implied from the circumstances and the nature of the relationship of the parties (*Towner v. Berg, supra*, pp. 484, 485).

On a motion for summary judgment all the averments of the attacked pleading are, of course, taken as true. Reading the record in a light most favorable to plaintiff, as we must, the elements of constructive trust may be found. If decedent had, in fact, exacted an express or tacit promise from his mother to provide for his new wife in the event of his death with the proceeds of the insurance policies, it is understandable in the circumstances of the case that decedent might have been hesitant to do more.

MOULE and SIMONS, JJ., concur with DEL VECCHIO, J.; MARSH, P. J., and MAHONEY, J., dissent and vote to reverse the order and deny the motion in an opinion by MARSH, P. J.

Order affirmed without costs.