DOROTHY CABLE, as Parent and Natural Guardian of GEA N. CABLE, an Infant, Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, and LINDA MAZZILLI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered November 24, 1981 in Ulster County, which denied defendant Mazzilli's motion for summary judgment, granted plaintiff's motion for summary judgment, and granted defendant Prudential's cross motion for an order granting leave to said defendant to make payment into court of $50,000 plus interest, and upon such payment to discharge it from all further liability and dismiss it from the action. The underlying action is one to recover on a life insurance policy issued to Robert A. Cable by defendant Prudential Insurance Company of America (Prudential). The beneficiary listed on the policy was defendant Linda Mazzilli. The insured retained the right to change the beneficiary and the policy provided as follows: "You may designate or change a beneficiary. Your request must be in writing and in a form which meets our needs. It will take effect only when we file it at our home office; this will be after you send the contract to us to be endorsed, if we ask you to do so. Then any previous beneficiary's interest will end as of the date of the request. It will end then even if the insured is not living when we file the request." In late August or early September of 1980, the insured advised Prudential that he wished to change the beneficiary and name his daughter, an infant, the plaintiff in the instant action. He was sent the necessary forms which he signed and returned to the insurance company on September 13, 1980. He did not, however, return the insurance policy to Prudential for indorsement. The insured was again contacted by Prudential on October 8, 1980 and requested to send the policy for indorsement. At this time the insured stated that he would do so. He was killed in an automobile accident on October 9, 1980 without having sent in the policy. Special Term denied defendant Mazzilli's motion for summary judgment but granted plaintiff's motion for summary judgment and authorized defendant Prudential to make payment into court and upon so doing to be discharged from further liability. This appeal ensued. The sole issue on this appeal is whether Special Term erred in granting summary judgment to plaintiff. We believe not and are to affirm. Here the insured did all that was possible to effectuate the change of beneficiary except for sending his policy to be indorsed. Since Prudential paid the proceeds of the policy into the court leaving the parties to settle the controversy between themselves, the contract requirements as to the changing of beneficiaries have been waived by Prudential and strict compliance with those requirements is unnecessary (see *Considine v Considine,* 255 App Div 876). The paramount factor in resolving the controversy is the intent of the insured. Mere intent, however, on the part of the insured is not enough; there must be some affirmative act or acts on his part to accomplish the change (*Hunnell v Hunnell,* 45 AD2d 521, affd 37 NY2d 931). The record reveals that the day before the insured was killed in an automobile accident he stated to an agent for Prudential that he would mail the policy to Prudential for indorsement. Such a statement, together with his previous actions, demonstrate a clear intent to change the beneficiary, and we conclude that the insured's conduct was sufficient to effect a change of beneficiary under the circumstances herein (see *Greenfield v Massachusetts*

*Mut. Life Ins. Co.*, 253 App Div 51, mot for lv to app den 277 NY 737; 31 NY Jur, Insurance, § 1479, p 335). In our view, no issue of fact is presented and the order, therefore, should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.