■ CHARLOTTE A. FRIDDELL, Respondent, v LOUIS M. ALBERALLA, Appellant.—Judgment unanimously affirmed without costs. Memorandum: The trial court properly imposed a constructive trust upon property to which defendant had legal title. After a trial before the court and an advisory jury, the jury made the following findings: an oral agreement existed between plaintiff and her mother in 1967 to construct a duplex which would pass to plaintiff upon the mother's death; plaintiff promised to pay and did pay her mother $5,500 to be used and which was used as a downpayment toward the construction of the duplex; plaintiff promised to pay and did contribute an additional $2,000 towards the construction of the duplex; plaintiff and her mother agreed that plaintiff would be responsible for a monthly payment to the mother to be used toward the payment of the mortgage obtained to finance the construction, and plaintiff made the monthly payment to her mother until the mother's death in 1986; and plaintiff agreed to be responsible for repairs and improvements on the duplex and she did make and pay for the repairs and improvements. The trial court adopted the findings of the jury.

In addition to those findings, the record shows and we find that plaintiff and her mother agreed that plaintiff would be responsible for the mortgage on the property. The duplex was constructed in 1967. Plaintiff lived in one apartment of the duplex and the other was rented for $85 per month. Plaintiff and her mother agreed that, in addition to the $85 per month to be paid by plaintiff, the rent from the other apartment would be used to pay the mortgage, tax, and garbage removal expenses. Plaintiff paid for the installation of bay windows in both apartments between 1967 and 1971, and constructed a deck on her apartment and a playroom in the basement. She did the painting and wallpapering in the duplex. Plaintiff's mother married defendant in 1971 and in 1972 the mother deeded the property to herself and defendant. At the time defendant became one of the title owners of the property, he told plaintiff that his ownership would make no difference, that the agreement between plaintiff and her mother still stood, and that the home was plaintiff's because she had paid for it. The construction of the duplex cost $28,000 and the principal amount of the mortgage was $15,000. There was no

credible evidence that defendant paid any part of the cost of the construction or maintenance of the duplex or paid any part of the cost of the land upon which the duplex was constructed. Plaintiff made the payments to her mother and improved and maintained the duplex in reliance upon the mother's promise that plaintiff would become the owner of the property at the time of the mother's death.

Defendant contends that the court improperly imposed a constructive trust upon the duplex and the underlying lot because plaintiff never had an interest in the property and therefore she did not convey it to the mother in reliance upon a promise. We disagree.

"In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" *(Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939, 940, *rearg denied* 50 NY2d 929). "Although the factors are useful in many cases constructive trust doctrine is not rigidly limited" *(Simonds v Simonds,* 45 NY2d 233, 241).

Here, although the constructive trust doctrine is not rigidly limited to the four factors, those factors "are perceptible in this case: a promise, a transfer in reliance on the promise, the fiduciary relation between decedent and [plaintiff] and the 'unjust enrichment' of [defendant]" *(Simonds v Simonds, supra,* at 242). In reliance upon the mother's promise that the property would be hers, plaintiff not only made the downpayment for the construction of the duplex but made the payments toward the mortgage and maintained and improved the property. Although plaintiff did not transfer real property to the mother, she made a significant transfer of value that made the construction and maintenance of the duplex possible. The downpayment in addition to the mortgage payments constituted most, if not all, of the cost of the construction of the property.

Thus, to permit defendant to retain title to the property would result in unjust enrichment to defendant, permitting him to hold the property " 'under such circumstances that in equity and good conscience he ought not to retain it' " *(Simonds v Simonds, supra,* at 242, quoting *Miller v Schloss,* 218 NY 400, 407). (Appeal from Judgment of Supreme Court, Erie County, Fallon, J.—Quiet Title.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.