*438
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The question raised by this appeal is whether a decedent insured may effect a change of the designation of beneficiary on a life insurance policy by means of a testamentary disposition when the policy sets out another procedure for changing beneficiaries. We hold that under the circumstances of this case, he may not.
 

 The relevant facts are not in dispute. Plaintiff Christine McCarthy and Stephen Kapcar, the decedent, married in November 1972. At the time of their marriage, Kapcar was employed by J.C. Penney in New York and, as part of a benefit package, received a group life insurance policy issued by Aetna Life Insurance Co. Kapcar designated the plaintiff beneficiary of that Aetna policy. The policy provided that
 

 “The amount payable by reason of the death of an employee shall be paid to the beneficiary designated by the employee. An employee, whether or not employment shall have terminated, may designate a beneficiary or change his designation of beneficiary from time to time by written request filed at the headquarters of the Policyholder or at the Home Office of the Insurance Company.”
 

 Within a year of the marriage, Kapcar was diagnosed with multiple sclerosis. He developed severe tremors, underwent brain surgery to alleviate the tremors, and became legally blind in 1974. After the couple separated in 1977, Kapcar left the marital home and took up residence with his father, Emil Kapcar, in Pennsylvania. Plaintiff and Kapcar divorced in 1978 on the ground that they had lived apart for over one year. A
 
 *439
 
 separation and property settlement agreement was incorporated into the divorce decree. Though neither the divorce decree nor the property settlement mentions the Aetna policy, the settlement document provided that
 

 “the wife forever relinquishes and releases all right, title, and interest which now has or ever may have in and to the real, personal and mixed property of the husband; all right of dower; all right title and interest which she has or ever may have in and to the property or estate of the husband at his death and all right and interest to take against his will or under the intestate laws; and each and every other right, title, and interest she has or ever may have against the husband, his heirs, executors, administrators, and assigns excepting only such rights as she may have under this Agreement.”
 

 Stephen Kapcar died in 1984, having spent the last seven years of his life — unemployed—with his father in Pittsburgh. At the time of his death, he was a quadriplegic. According to the terms of a holographic will written in 1977 and entered into probate in the Commonwealth of Pennsylvania, Kapcar stated that “I will all my personal belongings, stock certificates, bank accounts, insurance benefits, and any other earthly belongings to my father. * * * This will voids my previous will bequeathing my belongings to Christine B. Kapcar.” At no time did the decedent alter the named beneficiary (his ex-wife) on the Aetna policy.
 

 After Kapcar’s death his former wife Christine McCarthy commenced this action against defendant Aetna to claim the proceeds of the life insurance policy, an amount totaling approximately $16,000. Aetna interpleaded Emil Kapcar, administrator of decedent’s estate, who claimed proceeds of the Aetna policy under decedent’s holographic will. By court order, Aetna paid the proceeds of the policy into court and was discharged as a party in the action. The fimds remain on deposit pending disposition of this appeal.
 

 The trial court held that plaintiff was entitled to the proceeds because the decedent failed to comply with the terms of the policy delineating the manner in which the beneficiary designation could be modified. Appellate Term affirmed, one Justice dissenting, on substantially the same grounds. The Appellate Division reversed, two Justices dissenting, and awarded the insurance proceeds to decedent’s father. The Court held that, under the circumstances of this case, decedent’s will was a sufficient manifestation of his intent to change the beneficiary
 
 *440
 
 designation on the insurance policy and deny his ex-wife the proceeds of the policy. We now reverse.
 

 Defendant asserts that the laws of Delaware should apply because the insurance contract provided that the policy was to be construed in accordance with laws of that State. Plaintiff argues that since the holographic will was probated in Pennsylvania, that State’s laws apply. Because the result would be the same whether the law of Pennsylvania or Delaware is applied, we need not decide that question.
 

 As a general rule, under Pennsylvania, Delaware and New York law, the method prescribed by the insurance contract must be followed in order to effect a change of beneficiary
 
 (Equitable Life Assur. Socy. v Stitzel,
 
 299 Pa Super 199, 203, 445 A2d 523, 525;
 
 Riley v Wirth,
 
 313 Pa 362, 169 A 139;
 
 Metropolitan Life Ins. Co. v O’Donnell,
 
 11 Del Ch 404, 102 A 163, 165;
 
 see also, Kane v Union Mut. Life Ins. Co.,
 
 84 AD2d 148,
 
 appeal dismissed
 
 57 NY2d 956;
 
 Matter of Jaccoma,
 
 142 AD2d 875, 877; NY EPTL 13-3.2 [e] [1], [2]). Such a rule serves the paramount goals of ensuring that life insurance proceeds are disbursed consistently with an insured’s stated intent and of preventing the courts and parties from engaging in rank speculation regarding the wishes of the deceased.
 

 Strict compliance with the rule is not always required. Instead, “There must be an act or acts designed for the purpose of making the change, though they may fall short of accomplishing it”
 
 (Aetna Life Ins. Co. v Sterling,
 
 15 AD2d 334, 335,
 
 affd
 
 11 NY2d 959;
 
 see also, Kane v Union Mut. Life Ins. Co.,
 
 84 AD2d 148,
 
 appeal dismissed
 
 57 NY2d 956,
 
 supra; New York Life Ins. Co. v Lawson,
 
 134 F Supp 63, 65 [D Del];
 
 Carruthers v $21,000,
 
 290 Pa Super 54, 57, 434 A2d 125, 127). “The paramount factor in resolving the controversy is the intent of the insured. Mere intent, however, on the part of the insured is not enough; there must be some affirmative act or acts on [the part of the insured] to accomplish the change”
 
 (Cable v Prudential Ins. Co.,
 
 89 AD2d 636). Thus, if the decedent has “done all that was reasonably possible to do to show his intention”
 
 (Carpenter v Greene,
 
 396 A2d 150, 152 [Del];
 
 see also, New York Life Ins. Co. v Cannon,
 
 22 Del Ch 269, 194 A 412, 413-414) or has made “every reasonable effort”
 
 (Carruthers v $21,000,
 
 290 Pa Super, at 57, 434 A2d, at 127, supra) to comply with the policy requirements, then substantial compliance with the terms of the policy will suffice to demonstrate the policyholder’s intent
 
 (New York Life Ins. Co. v Lawson,
 
 134 F Supp 63, 65 [D Del],
 
 supra
 
 [“Delaware Courts have
 
 *441
 
 adopted the substantial compliance doctrine in cases involving validity of a change of beneficiar/’]).
 

 While the act or acts constituting substantial compliance may vary
 
 (see, e.g., Cable v Prudential Ins. Co., supra
 
 [insured’s acts constituted substantial compliance];
 
 Lopez v Massachusetts Mut. Life Ins. Co.,
 
 170 AD2d 583 [same];
 
 New York Life Ins. Co. v Lawson, supra
 
 [same];
 
 see generally,
 
 Annotation,
 
 Change of Beneficiary in Group Life Insurance Policy as Affected by Failure to Comply with Policy Requirements as to Manner of Making Change,
 
 78 ALR3d 466), they do not include general testamentary statements in a will. Indeed, “[a]s part of the [contract] bargain, the employee agrees to change the beneficiary only pursuant to the procedures outlined in the policy, and these procedures generally will either expressly prohibit a change in beneficiary by testamentary disposition or impliedly prevent such mode of change by setting forth conditions to effect the change which cannot be met by a statement in a will”
 
 (Matter of Jaccoma, supra,
 
 at 877;
 
 see also, Carruthers v $21,000, supra
 
 [holding that a bequest in a holographic will did not effect a change of a named beneficiary]). As one court has stated,
 

 “ ‘To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as- may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk, that few companies would be willing to take’ ”
 
 (Stone v Stephens,
 
 155 Ohio St 595, 600-601, 99 NE2d 766, 769 [citation omitted]).
 

 In the instant case, there is no evidence that decedent made any attempt to change the beneficiary designation during the seven years between his separation from plaintiff and his death. Nor is there any record evidence that decedent was physically or mentally incapable of attempting to substantially
 
 *442
 
 comply with the requirements of the policy. In the absence of such evidence, the court is restrained from holding that it was the decedent’s stated intention that his father receive the proceeds from the insurance policy.
 

 We do not agree that the requirement of substantial compliance with the requirements of the insurance policy is waived where, as here, the insurance company becomes a stakeholder in an interpleader action
 
 (cf., Kane v Union Mut. Life Ins. Co.,
 
 84 AD2d 148,
 
 supra).
 
 As stated previously, although the rule serves to protect the insurer, it also serves the essential goal of preventing the courts and parties from speculating regarding the wishes of the deceased. Thus, while the insurer who has brought the proceeds of the policy into court and requested the court to adjudicate the rights of contesting claimants may no longer insist upon strict compliance with the policy provisions, that insurer may require proof of substantial compliance
 
 (see, e.g., New York Life Ins. Co. v Lawson, supra,
 
 at 65).
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the judgment of Civil Court of the City of New York, New York County, reinstated. The certified question should not be answered as it is unnecessary.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.