**METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT, Plaintiff–Appellee,**

v.

**Brian SOBIE, Individually, as Trustee of the Zachary Farrell Sobie Grandchild Trust, and as Co–Trustee of the Ana Nicole Delio Grandchild Trust, Defendant–Appellant,**

**Ana Nicole Delio, Defendant–Cross– Defendant–Appellee,**

**Zachary Farrell Sobie, Defendant– Cross–Defendant,**

**Michael Mendelsohn, as Co–Trustee of the Ana Nicole Delio Grandchild Trust, Defendant–Cross–Claimant.**

No. 08–3837–cv.

United States Court of Appeals, Second Circuit.

April 28, 2009.

**4**

Noel W. Hauser, Noel W. Hauser & Associates, New York, New York, for Defendant–Appellant.

James R. Carcano, Larchmont, New York, for Defendant–Cross–Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOHN M. WALKER, JR., Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

MetLife Life and Annuity Company of Connecticut ("MetLife") brought an inter-pleader action to resolve competing claims to the proceeds of an annuity contract ("Contract") purchased by decedent Estelle Sobie. The Contract, when originally purchased, designated as beneficiaries two trusts in the names of the decedent's grandchildren. Appellant Brian Sobie, the decedent's son, contends that his mother later changed the beneficiary designation to provide for a three-way split between him and the grandchildren. We assume the parties' familiarity with the procedural history and the issues on appeal.

"We review *de novo* [Appellant's] challenge to the denial of [his] motion[ ] for judgment as a matter of law, viewing the evidence, as the district court was required to, in the light most favorable to the non-moving party." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 141 (2d Cir.2008) (internal quotation marks omitted). We review the denial of Appellant's motion for a new trial for abuse of discretion. *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 82 (2d Cir.2006).

■ Appellant argues that his mother strictly complied with the Contract because she signed a new beneficiary designation form during her lifetime, which MetLife eventually received. The Contract provides that an annuitant has "the right to change any Beneficiary by Written Request during the lifetime of the Annuitant and while the Contract continues." The policy defines "Written Request" as "written information including requests for Contract changes sent to Us in a form and content satisfactory to Us and received at Our office."

The district court correctly rejected Appellant's interpretation of the Contract. The beneficiary designation provision should be read in light of the definition of "Written Request." Together, they require receipt of Contract changes at Met-

Life's "office during the lifetime of the Annuitant." MetLife did not receive the new designation until after Estelle Sobie died on February 10, 2007.

Appellant argues, in the alternative, that Estelle Sobie substantially complied with the Contract. When an insurer brings an interpleader action to ascertain the beneficiaries on a policy, it waives strict compliance with the policy's provisions. *See, e.g., Lopez v. Mass. Mut. Life Ins. Co.*, 170 A.D.2d 583, 584, 566 N.Y.S.2d 359 (2d Dep't 1991); *Cable v. Prudential Ins. Co. of Am.*, 89 A.D.2d 636, 636, 453 N.Y.S.2d 86 (3d Dep't 1982). Instead, a change of beneficiary will be effective where there has been substantial compliance with the policy. *See McCarthy v. Aetna Life Ins. Co.*, 92 N.Y.2d 436, 442, 681 N.Y.S.2d 790, 704 N.E.2d 557 (1998).

In an interpleader action, "[t]he paramount factor in resolving the controversy is the intent of the insured." *Id.* at 440, 681 N.Y.S.2d 790, 704 N.E.2d 557 (citation and internal quotation marks omitted) "Mere intent, however, on the part of the insured is not enough; there must be some affirmative act or acts on the part of the insured to accomplish the change." *Id.* (internal citation, quotation marks and brackets omitted). "[I]f the decedent has done all that was reasonably possible to do to show h[er] intention or has made every reasonable effort to comply with the policy requirements, then substantial compliance with the terms of the policy will suffice to demonstrate the policyholder's intent." *Id.* at 440–41, 681 N.Y.S.2d 790, 704 N.E.2d 557 (internal citations and quotation marks omitted).

■ In this case, a reasonable jury could have concluded that the decedent did not comply with the Contract, because, *inter alia:* (1) she signed the new beneficiary designation form three years before she died, yet nobody ever confirmed that MetLife received the form; (2) Appellant, who was the only witness to testify to the fate of the original change of beneficiary form, was an interested party whom the jury was entitled to disbelieve; (3) the family business declined after Appellant assumed control, which could have caused his mother to rethink entrusting Appellant with what she hoped would eventually become a significant portion of her grandchildren's inheritance; (4) she changed beneficiaries on a Wachovia annuity in 2006, demonstrating that she was able to change annuity beneficiaries when she so intended; and (5) she signed a change of beneficiary designation form in 2002 that she failed to execute, supporting an inference that she had second thoughts in the past after deciding to change beneficiaries. In light of this evidence, the district court did not err in denying Appellant's motion for judgment as a matter of law or Appellant's motion for a new trial.

We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**