Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 20, 2011, which, to the extent appealed from, denied plaintiffs motion for summary judgment, unanimously reversed, on the law, with costs, and summary judgment is awarded to plaintiff.
In his capacity as duly appointed guardian of Allyn Haber, plaintiff trustee changed the beneficiary of the subject life insurance policy from Haber to the trust established by Haber’s mother for her benefit. Pursuant to his appointment as Haber’s guardian in a proceeding brought under Mental Hygiene Law § 81.02 (see index No. 10613, Queens Co. 2010), plaintiff was explicitly authorized to change the beneficiary of the life insurance policy, and the change was properly effected under the terms of the policy (McCarthy v Aetna Life Ins. Co., 92 NY2d 436 [1998]).
There was no basis to challenge the guardian’s decision to change the beneficiary of the policy at issue. The fact that there were two conflicting wills offered for probate after Allyn Haber’s death is not a basis for attacking the actions of the guardian. In this case, the guardian’s actions were both prudent and consistent with the powers granted by the guardianship court.
Based on the foregoing, New York Life Insurance Company is directed to pay the proceeds of the policy to the trustee subject to the court’s determination of New York Life’s claim for attorneys’ fees. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.