Werther v Werther (2021 NY Slip Op 06465)





Werther v Werther


2021 NY Slip Op 06465


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 655802/19 Appeal No. 14432 Case No. 2020-04884 

[*1]Stephen Werther, et al., Plaintiffs-Appellants,
v
Ellen Ressler Werther, Also Known as Ellen werther, Defendant-Respondent. [And Another Action]


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellants.
Ressler & Ressler, New York (Bruce J. Ressler of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about November 25, 2020, which, to the extent appealed from, denied plaintiffs' motion for summary judgment declaring that certain IRA funds are to be equally distributed among the parties and granted defendant's cross motion to amend the pleadings, unanimously affirmed, without costs, and, upon a search of the record, defendant is awarded summary judgment on her counterclaim for a declaration that the J. Lawrence Werther 2017 Revocable Trust (the trust) is the sole beneficiary of the IRA.
On November 12, 2015, a rollover IRA account in the name of J. Lawrence Werther (the decedent) was funded at Morgan Stanley, and the parties, the decedent's three children, were named as equal beneficiaries. On November 23, 2015, the decedent signed a durable power of attorney (POA) giving defendant authority over the IRA Account and authority to designate and change the IRA beneficiaries. On October 3, 2017, the decedent signed a Declaration of Trust establishing the trust. In the Declaration of Trust, the decedent made defendant the trustee of the trust. On the same date, defendant changed the beneficiaries of the IRA to the trust by filling out and signing an "IRA Designation of Beneficiary" form. The trust beneficiaries include the decedent's former housekeeper and his two daughters, and while it makes no provision for his son, it includes his four grandchildren, including his son's two children. The decedent died on October 18, 2018. On November 1, 2018, defendant sent the IRA Designation of Beneficiary form to Morgan Stanley.
Plaintiffs moved for summary judgment on their claim for an equal distribution of the IRA assets based on the argument that, because defendant did not send or otherwise tender the IRA Designation of Beneficiary to Morgan Stanley until after their father's death, when the POA was no longer in effect and her power to do anything for the principal had thus expired, she lacked the power to present the form, and the beneficiary change form was thus ineffective.
Defendant opposed, and cross-moved for a judgment declaring that the trust is the sole beneficiary of the IRA or, alternatively, an order granting her, in her capacity as trustee of the trust, leave to amend the pleadings to include a counterclaim by the trust for a declaratory judgment as to the validity of its interests.
The motion court denied plaintiffs' motion for a summary judgment on their claim that the three siblings, and not the trust, are the rightful beneficiaries of the IRA, and granted defendant's cross motion to the extent of granting leave to amend the pleadings to include a counterclaim by the trust for a declaration as to the validity of its interest in the IRA.
On appeal, plaintiffs contend that there is no genuine issue of fact concerning the decedent's intent that the three siblings remain the equal beneficiaries of the IRA funds that existed at the time of his death and that that [*2]beneficiary designation not be changed to make the trust the sole beneficiary. Plaintiffs argue that the fact that defendant did not submit the IRA Designation of Beneficiary form changing the IRA beneficiaries from the three siblings to the trust until after the decedent passed away is "conclusive evidence" that the decedent never authorized defendant to present the form as his agent or otherwise intended to change the beneficiary designation, because had he intended to change the designation, defendant would have presented the form to Morgan Stanley contemporaneously with its execution in October 2017, rather than withholding it for more than a year and until after the decedent died. We disagree.
Defendant is entitled to summary judgment on her counterclaim for a declaration that the trust is the sole beneficiary of the IRA. Initially, we note that where IRA proceeds have been deposited into escrow, New York law does not require strict compliance with bank rules for validly designating IRA beneficiaries. To the extent the bank, as a matter of private contract, requires the beneficiary form to be tendered in advance, that requirement is not strictly enforced; rather the courts look for substantial compliance (see McCarthy v Aetna Life Ins. Co., 92 NY2d 436, 442 [1998] ["the insurer who has brought the proceeds of the policy into court and requested the court to adjudicate the rights of contesting claimants may no longer insist upon strict compliance"]; Lincoln Life and Annuity Co. of N. Y. v Caswell, 31 AD3d 1, 5-6 [1st Dept 2006]). Here, it is undisputed that the IRA has been liquidated, and all proceeds are held in escrow.
Moreover, defendant established that there was substantial compliance with Morgan Stanley's requirements in order to effect the change in the IRA's beneficiaries and plaintiffs have failed to raise an issue of fact (see Matter of Durcan, 165 AD3d 585 [1st Dept 2018]; Lincoln Life and Annuity Co., 31 AD3d at 8). Pursuant to Morgan Stanley's IRA Adoption Agreement, IRA beneficiaries may be changed "at any time in writing on a signed and dated form submitted to and accepted by Morgan Stanley." As the form may be submitted "at any time," defendant substantially complied with the requirements for changing beneficiaries even though she submitted the form after the decedent's death. 
Defendant also established that she had the authority to change the beneficiaries of the IRA, and plaintiffs have failed to raise an issue of fact as to defendant's authority. While it is undisputed that defendant's POA ended upon the decedent's death, defendant signed the form designating the trust as the IRA's beneficiary during the decedent's lifetime, while she had the authority to do so under the POA. The designation of beneficiaries is separate and distinct from tendering the form for changing beneficiaries.
As there are no issues of fact as to whether the designation of the trust as the beneficiary of the IRA was valid, the court properly granted [*3]defendant's cross motion to the extent of permitting her to amend the pleadings to include a counterclaim
by the trust for a declaration that the trust is the sole beneficiary of the IRA, and, upon a search of the record, defendant is entitled to summary judgment on the counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021