Lincoln Life & Annuity Co. of N.Y. v Wittmeyer (2022 NY Slip Op 07357)

Lincoln Life & Annuity Co. of N.Y. v Wittmeyer

2022 NY Slip Op 07357

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

829 CA 21-00521

[*1]LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, PLAINTIFF,
v
CAMI WITTMEYER, CATHY DECKER, GEORGE W. BURNETT, INC., DEFENDANTS-RESPONDENTS, MARIA R. BAUER, LAWRENCE J. ADYMY, JR., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

THE TARANTINO LAW FIRM, LLP, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.
BRADLEY ARANT BOULT CUMMINGS, LLP, CHARLOTTE, NORTH CAROLINA (C. BAILEY KING, JR., OF THE NORTH CAROLINA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND GOLDBERG SEGALLA LLP, BUFFALO, FOR PLAINTIFF. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 6, 2021. The order and judgment, inter alia, granted the motion of defendants Cami Wittmeyer, Cathy Decker and George W. Burnett, Inc., for leave to reargue and, upon reargument, granted the motion of those defendants for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion of defendants Cami Wittmeyer, Cathy Decker, and George W. Burnett, Inc. insofar as it sought summary judgment determining that the 2019 change in beneficiaries was void as a matter of law and insofar as it sought summary judgment dismissing the cross claim of defendants Maria R. Bauer and Lawrence J. Adymy, Jr. for unjust enrichment against Wittmeyer and Decker and reinstating that cross claim, and as modified the order and judgment is affirmed without costs.
Memorandum: Interpleader plaintiff, Lincoln Life & Annuity Company of New York (Lincoln Life), issued a life insurance policy to decedent naming his daughters, defendants Cami Wittmeyer and Cathy Decker (collectively, daughters), and his wife, defendant Maria R. Bauer (wife), as beneficiaries (first designation). The wife was to receive 22% of the policy benefits, and the daughters were each to receive 39% of the benefits. The premiums for the policy had been paid by defendant George W. Burnett, Inc. (GWB), a company formerly owned by decedent that was, at all relevant times, owned by decedent's son. In June 2019, the wife learned that the policy had lapsed or was about to lapse due to nonpayment of the premiums and that certain amounts must be paid in order to keep the policy active (encouraged amount). GWB could no longer afford to pay the premiums, and the daughters were unwilling to contribute toward the encouraged amount or any policy premiums going forward. Thus, the wife and her son, defendant Lawrence J. Adymy, Jr. (son), paid the encouraged amount and took over paying the premiums. The wife, as decedent's power of attorney, thereafter submitted a change of beneficiary form to Lincoln Life removing the daughters as beneficiaries of the policy and designating herself and her son as the primary beneficiaries, splitting the policy benefits equally (second designation). According to the wife, in changing the beneficiaries, she followed the [*2]procedure described to her by defendant Lee V. Stadler, an agent of an affiliate of Lincoln Life, defendant Lincoln Financial Advisors Corporation (Lincoln Financial). Decedent died in August 2019, after all amounts owed on the policy had been paid and the beneficiaries had been changed. The wife and son, and the daughters, each submitted a claim for the policy benefits.
Lincoln Life commenced this interpleader action to determine the competing claims of the wife and son (collectively, Bauer defendants) and the daughters to a death benefit payable pursuant to the policy. The daughters answered and asserted a cross claim against the Bauer defendants, alleging that the wife lacked the authority to change the beneficiaries under the policy because the power of attorney executed by decedent in 2013 that she submitted to Lincoln Life did not have a statutory gift rider as required under General Obligations Law § 5-1514. The daughters therefore sought a judgment determining that the second designation was void and ordering payment of policy benefits in accordance with the first designation. In their amended answer, the Bauer defendants asserted counterclaims against Lincoln Life for specific performance, breach of contract, negligence, and equitable estoppel. The Bauer defendants also asserted a cross claim for negligence against, among others, Stadler; cross claims against the daughters for unjust enrichment and interference with contractual relations; and a cross claim against GWB for breach of implied contract. The daughters and GWB then moved for, inter alia, summary judgment determining that the second designation was void and dismissing the Bauer defendants' cross claims against them. The Bauer defendants cross-moved for summary judgment determining that they were entitled to the death benefit under the policy in accordance with the second designation and dismissing the cross claim of the daughters against them. Supreme Court denied the motion, granted the cross motion, and ordered that Lincoln Life tender the death benefit to the Bauer defendants in accordance with the second designation. The daughters and GWB moved for, inter alia, leave to reargue their motion and their opposition to the cross motion. Lincoln Life, Lincoln Financial, and Stadler (collectively, Lincoln defendants) moved for summary judgment dismissing the Bauer defendants' counterclaims and cross claims against the Lincoln defendants.
In appeal No. 1, the Bauer defendants appeal from an order and judgment that, among other things, granted leave to reargue and, upon reagument, granted the motion of the daughters and GWB for summary judgment determining that the second designation was void and dismissing the cross claims against them, and denied the Bauer defendants' cross motion.
In appeal No. 2, the Bauer defendants appeal from an order granting in part the motion of the Lincoln defendants and dismissing the Bauer defendants' counterclaims against Lincoln Life.
In appeal No. 1, we agree with the Bauer defendants that the court erred in granting that part of the motion of the daughters and GWB for summary judgment determining that the second designation is void as a matter of law, and we therefore modify the order and judgment accordingly. Initially, we reject the Bauer defendants' contention that a 2009 power of attorney is the controlling document inasmuch as the execution of the 2013 power of attorney modified the 2009 power of attorney in a manner that directly affected the wife's ability to engage in the contested action (see generally Lopez v Fenn, 90 AD3d 569, 573 [1st Dept 2011], lv dismissed 19 NY3d 1022 [2012]; Zaubler v Picone, 100 AD2d 620, 621 [2d Dept 1984]). However, although the 2013 power of attorney executed by decedent appointing the wife as his attorney-in-fact did not grant the wife the authority to change the beneficiaries of decedent's life insurance policy inasmuch as it lacked a statutory gifts rider (see General Obligations Law former § 5-1514 [1], [3], [7]; § 5-1502F [former (3)]), "exact compliance with the contractual procedure [in the policy concerning a change in beneficiaries] will be deemed waived where the insurer, faced with conflicting colorable claims to the same policy proceeds, pays the proceeds into court in an interpleader action so that the opposing claimants may litigate the matter between themselves" (Lincoln Life & Annuity Co. of N.Y. v Caswell, 31 AD3d 1, 5-6 [1st Dept 2006]). In such cases, "[t]he paramount factor in resolving the controversy is the intent of the insured. Mere intent, however, on the part of the insured is not enough; there must be some affirmative act or acts [on the part of the insured] to accomplish the change" (McCarthy v Aetna Life Ins. Co., 92 NY2d 436, 440 [1998] [internal quotation marks omitted]; see Cook v Aetna Life Ins. Co., 166 AD2d 895, 896 [4th Dept 1990]; Cable v Prudential Ins. Co. of Am., 89 AD2d 636, 636 [3d Dept 1982]). Assuming, arguendo, that the daughters and GWB met their initial burden on that part of the motion seeking a determination that the second designation is void, we conclude that the Bauer defendants raised a triable issue of fact. In opposition to the motion, the Bauer defendants [*3]submitted the wife's affidavit in which she averred that decedent was angry that the policy had been allowed to or was about to lapse and that the daughters were unwilling to contribute toward the encouraged amount or the future premiums. The wife further averred that decedent had told her that if she and the son made the payments necessary to keep the policy active, they should be designated as the beneficiaries of the death benefit. In addition to the evidence of decedent's intent to change the beneficiaries, the wife stated that decedent affirmatively acted to accomplish that intent by signing a memo granting Lincoln Life permission to release information to Stadler, who then advised the wife how to reinstate the Policy. The wife also stated that decedent sent her as his power of attorney in his place to sign the documents necessary to institute the second designation under the mistaken belief that the 2013 power of attorney granted her such authority. Additionally, inasmuch as the Bauer defendants' own submissions raised issues of fact with respect to the validity of the second designation, we reject their further contention that the court erred in denying their cross motion for summary judgment with respect to that issue (see generally Johnson v Pixley Dev. Corp., 169 AD3d 1516, 1519-1520 [4th Dept 2019]).
We agree with the Bauer defendants that the court erred in granting that part of the motion of the daughters and GWB seeking summary judgment dismissing the Bauer defendants' cross claim against the daughters for unjust enrichment, and we therefore further modify the order and judgment accordingly. "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]). Thus, in order to sustain such a claim, the plaintiff must demonstrate that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (id. [internal quotation marks omitted]; see also Omar v Moore, 196 AD3d 1182, 1183-1184 [4th Dept 2021]). "Unjust enrichment, however, does not require the performance of any wrongful act by the one enriched" (Simonds v Simonds, 45 NY2d 233, 242 [1978]). " '[T]he essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered' " (Ahlers v Ecovation, Inc., 151 AD3d 1920, 1921 [4th Dept 2017]). Assuming, arguendo, that the daughters and GWB met their initial burden on the motion with respect to the unjust enrichment cross claim, we conclude that the Bauer defendants raised a triable issue of fact. The Bauer defendants established that they paid the encouraged amount in order to bring the policy up to date. The wife then paid premiums in August 2019 in order to keep the policy active. There is no dispute that the daughters—who would otherwise have each been entitled to 39% of the death benefit under the first designation—refused to contribute toward either the encouraged amount or future premium payments. As noted, according to the wife, in return for the payments made by her and her son, decedent wanted them to be the beneficiaries of the death benefit. Significantly, if the Bauer defendants had not made the requisite payments, the policy would not have been in effect at the time of decedent's death, and there would have been no death benefit on which to make a claim. Thus, if the second designation is ultimately determined to be void, the Bauer defendants have raised a triable issue of fact whether the daughters would be unjustly enriched at the Bauer defendants' expense (see generally Friddell v Alberalla, 176 AD2d 1213, 1213-1214 [4th Dept 1991], lv denied 79 NY2d 751 [1991]).
We reject the contention of the Bauer defendants, however, that the court erred in granting the motion of the daughters and GWB with respect to the cross claim against the daughters for interference with contractual relations. "In order to prevail on a cause of action for tortious interference with contractual relations, a plaintiff must establish the existence of a valid contract between plaintiff and a third party, the defendant's intentional and unjustifiable procurement of the third party's breach of the contract, the actual breach of the contract and the resulting damages" (Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc., 19 AD3d 1094, 1095 [4th Dept 2005], lv denied 5 NY3d 709 [2005]). The Bauer defendants' claim for interference with contractual relations is based upon the daughters' allegedly intentional interference, without justification, "with the rightful payment of the death benefit under the policy to the Bauer defendants by submitting their own claims to the death benefit." However, if the court ultimately determines that the second designation is valid, Lincoln Life will pay the death benefit to the Bauer defendants and there can be no breach. Likewise, if the second designation is ultimately determined to be void, payment under the first designation would not constitute a breach. The daughters and GWB therefore established their entitlement to summary judgment dismissing the cross claim for interference with contractual relations, and the Bauer [*4]defendants failed to raise a triable issue of fact in opposition (see Weiss v Bretton Woods Condominium II, 203 AD3d 1100, 1101-1102 [2d Dept 2022]).
We also reject the Bauer defendants' contention that the court erred in granting the motion of the daughters and GWB with respect to the cross claim against GWB for breach of implied contract.
In appeal No. 2, we agree with the Bauer defendants that the court erred in granting the Lincoln defendants' motion with respect to the negligence counterclaim against Lincoln Life insofar as asserted by the wife. We therefore modify the order accordingly. "As a general principle, insurance brokers 'have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' " (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). However, "[a]bsent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide[] or direct a client to obtain additional coverage" (Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1904 [4th Dept 2017] [internal quotation marks omitted]). However, the Court of Appeals has "identified three exceptional situations that may give rise to a special relationship, thereby creating an additional duty of advisement: (1) the agent receives compensation for consultation apart from the payment of premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (Voss, 22 NY3d at 735 [internal quotation marks omitted]). Here, the evidence submitted by the Lincoln defendants in support of their motion with respect to the negligence counterclaim "did not satisfy [their] initial burden of establishing the absence of a material issue of fact as to the existence of a special relationship" (id.). To the contrary, the evidence suggests that there was some interaction between the wife and Stadler regarding the question of what steps were required to change the beneficiary of the policy, and thereafter the wife and decedent relied upon Stadler's expertise as an agent of an affiliate of Lincoln Life to effect the same (see generally AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d 624, 628-629 [2d Dept 2020]; STB Invs. Corp. v Sterling & Sterling, Inc., 178 AD3d 413, 413 [1st Dept 2019]; Petri Baking Prods., Inc., 151 AD3d at 1904-1905). In addition, issues of fact exist whether there was "a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (Voss, 22 NY3d at 735 [internal quotation marks omitted]). Further, "[w]hether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally raises an issue of fact" (Murphy v Kuhn, 90 NY2d 266, 271 [1997] [internal quotation marks omitted]). The Lincoln defendants' motion with respect to the negligence counterclaim insofar as asserted by the wife therefore should have been denied " 'regardless of the sufficiency of the opposing papers' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [emphasis omitted]; see generally Voss, 22 NY3d at 734).
With respect to that part of the Lincoln defendants' motion seeking summary judgment dismissing the cross claims against Stadler and Lincoln Financial, we note that the court did not address that aspect of the motion, and we therefore deem it denied (see Hastedt v Bovis Lend Lease Holdings, Inc., 152 AD3d 1159, 1163 [4th Dept 2017]; Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]).
Finally, we have reviewed and rejected the Bauer defendants' remaining contentions in appeal No. 2.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court