## Matter of Zabatta (Galgo)

2024 NY Slip Op 33178(U)

September 5, 2024

Surrogate's Court, New York County

Docket Number: File No. 2018-175/A

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
Proceeding by Patrick G. Zabatta, Executor of the
Estate of

GABOR GALGO,

Deceased,

To Compel Turn Over of the Monies Withheld, and to
Suspend Bank Account Activity in Respect Thereof
Pending Said Turnover.
-------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.
SEP 0 5 2024

File No.: 2018-175/A

GINGOLD, S.

In this uncontested turnover petition, petitioner seeks an order directing the current trustee of The Galgo Family Trust under agreement dated October 31, 2000 between Gabor Galgo and Anna Galgo, as grantors and trustees (hereinafter, "trust"), to deliver life insurance proceeds to petitioner. According to the petition, Gabor Galgo (hereinafter, "decedent") designated the trust as beneficiary for his life insurance policy. After decedent's death, the trustee collected the life insurance proceeds and deposited them in a trust bank account he created. Petitioner claims the life insurance proceeds belong to the estate and should be turned over to him, as executor of decedent's will.

The trust was jointly created by decedent and his first wife Anna Galgo (hereinafter, "Ms. Galgo"), who predeceased him. Property was initially placed in a joint trust, where it remained separate or community property, pursuant to the terms of Article I of the trust document. The life insurance proceeds were be considered community property, absent any designation to the contrary.[1] Upon Ms. Galgo's death, community property passed in equal shares to the Husband's

---

[1] Article I(A) states, "The transfer of any property to the Trustees may be accompanies by a specification in writing signed by both spouses that it is community property, the separate property of Husband or Wife or property held as tenants in common, joint tenants or tenants by the entirety...In the absence of such a specification, the Trustees shall

Separate Trust and the Wife's Separate Trust.[2] After decedent's death, the Husband's Separate Trust passed to decedent's descendants pursuant to Articles III(C)(2)[3] and III(D).[4] According to the terms of Article XIII, if decedent had no descendants, the Husband's Separate Trust would pass to his intestate takers as if he had no spouse.[5] The Wife's Separate Trust flowed through several trusts, with the remaindermen ultimately being her descendants.[6] According to the terms of Article XIII, if Ms. Galgo had no descendants, the funds from her trust would pass to her intestate takers as if she had no spouse.

Therefore, petitioner has failed to provide sufficient evidence that decedent's estate is entitled to all or any of the life insurance proceeds. First, petitioner is incorrect in his assertion that decedent's will supersedes the trust with regards to insurance proceeds because the will was executed at a later date. EPTL 13-3.2[a] states that no statute governing the transfer of property by will can impair or defeat the rights of life insurance beneficiaries (*see McCarthy v Aetna Life Ins.*

treat transferred property as community property without any duty to inquire further into the ownership of such property unless the Trustees have actual knowledge that it is not community property."

[2] Article II(B)(1) states, "The balance of the community property shall be divided into two equal shares. One share shall be added to and disposed of as part of the Husband's Separate Trust, and one share shall be added to and disposed of as part of Wife's Separate Trust."

[3] Article III(C)(2) states, "If Wife does not survive Husband, the Trustees shall distribute a fractional share equal to Husband's Available GST Exemption to Husband's descendants who survive Husband, *per stirpes*, subject to the terms of the Descendants' Trusts" pursuant to Article XII (hereinafter, "Descendants' Trusts"). Article XII(D) contains a savings clause.

[4] Article III(D) states, "The Trustees shall distribute the residue of the Trust Fund...as follows:...If Wife does not survive Husband, to Husband's descendants who survive him, *per stirpes*, however, to the terms of the Descendants' Trusts under this Agreement."

[5] Article XIII states, "If the provisions of this Agreement fail to effectively dispose of any property that property shall be distributed to the persons, and in the proportions, that the contributing Settlor's estate would be distributed if the contributing Settlor died at the same time as the expiration of the interest of the last beneficiary of the property hereunder, without a Will, unmarried, a resident of the State of New York, owning only that property, under the law then in effect."

[6] Article IV(C)(1) states, "If Husband survives Wife:...The Trustees shall distribute a fractional share equal to the greater of (i) Wife's Estate Tax Exemption and (ii) Wife's Available GST Exemption to the Trustees of Wife's Family Trust under this Agreement, to be disposed of under the terms of that trust." Article IV(D) states, "The Trustees shall distribute the residue of the Trust Fund...as follows:...If Husband survives Wife, to the Trustees of Wife's Marital Trust for Husband under this Agreement, to be disposed of under the terms of that Trust." Article IX(B)(2) states, "The balance of the property then held in Wife's Marital Trust for Husband shall be distributed:...To Wife's descendants then living, *per stirpes*, subject, however, to the terms of the Descendants' Trusts." Article XI(B) states, "Upon Husband's death, the property then held in Wife's Family Trust shall be distributed:...to Wife's descendants then living, *per stirpes*, subject, however, to the terms of the Descendants' Trusts."

2

*Co.*, 92 NY2d 436 [1998] [holding the designated beneficiary was entitled to the life insurance proceeds even though decedent's will, which had been executed years after his life insurance designation, made a specific provision for life insurance benefits]; *Lincoln Life & Annuity Co. of N.Y. v Caswell*, 31 AD3d 1 [1st Dept 2006] ["[A] general testamentary statement in the insured's will does not override a prior designation of the policy beneficiary that was made in the manner provided by the policy."]).

Second, petitioner has provided no proof that the trust was revoked pursuant to its terms in Article XX.[7] Moreover, petitioner's contention that the life insurance proceeds pass through the trust to only decedent's estate,[8] and not that of Ms. Galgo's as well, is contradicted by the terms of the trust. Instead, according to the terms of Article XIII, if the decedent had no descendants, the Husband's Separate Trust would pass to his intestate takers as if he had no spouse. Likewise, if Ms. Galgo had no descendants, the Wife's Marital Trust for Husband and Wife's Family Trust would pass to her intestate takers as if she had no spouse. Thus, according to the terms of the trust, decedent's estate is not entitled to any of the life insurance proceeds.

Finally, petitioner's contention that decedent's second wife's grandchildren, who were not adopted by decedent, are decedent's descendants is not supported by any law or by the terms of the trust.

The court issued a decision and order on October 17, 2023 (hereinafter, the "decision") stating that the petition was incomplete and that the proceeding would be dismissed for failure to prosecute unless a party took affirmative action within 90 days of receipt of a copy of the decision.

---

[7] Article XX states, "The Settlors reserve the following rights...The right by an acknowledged instrument in writing to revoke or amend this Agreement or any trust hereunder."

[8] In making this argument, petitioner references "the landmark case of *The Matter of Ruppert*, 88 N.Y.2d 540 (1996)." The court is unclear which case petitioner is referring to. Petitioner's citation refers to a different case that is not relevant to this proceeding, and the court cannot find a case by the name of "Ruppert" that is applicable to this proceeding or to petitioner's argument.

3

[* 3]

The Clerk of the Court sent a copy of the decision to the parties at their last known addresses by certified mail.

On January 16, 2024, petitioner filed a supplemental memorandum of law reiterating why decedent's estate should be entitled to the life insurance proceeds. However, petitioner did not provide any additional proof of such entitlement.

Accordingly, since more than 90 days have passed since the decision, the petition is dismissed, without prejudice, for failure to prosecute (SCPA 209[8]; CPLR 3216).

The Clerk of the Court is directed to email a copy of this decision, which constitutes the order of the court, to petitioner.

Dated: September 5, 2024

_____
S U R R O G A T E

To:

Patrick G. Zabatta
91 Central Park West, Apt 1I
New York, NY 10023
pzabatta@gmail.com
*Executor of the Will of Gabor Galgo*

4

[* 4]